# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN, | CV F   05-1621 AWI DLB HC |
| Petitioner, | ORDER DIRECTING PETITIONER TO AMEND PETITION |
| v. | [Doc. 1] |
| JEANNE WOODFORD, Warden, | |
| Respondent. | |

_____/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on December 21, 2005.  On the form petition, Petitioner indicates that he was convicted in the Kings County Superior Court by proxy for the San Diego Superior Court.  Petitioner indicates that he is currently incarcerated at Corcoran State Prison.  A.    Incomplete Petition

A preliminary review of the petition reveals that Petitioner has not completed the petition and listed each ground for relief along with a brief statement of facts supporting each ground. Petitioner instead makes reference to several documents submitted in separate form in support of his petition.

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

" . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

1

Rule 2(c), 28 U.S.C. § 2254.   Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).   Petitioner did not adequately fill out the portion of the petition setting forth the grounds for relief and providing a brief statement of the facts in support thereof.   Instead, petitioner makes reference to the documents he submitted in support of his petition.   A petitioner may submit attachments or exhibits to the petition, however, the form itself must be completed in its entirety.   Petitioner must submit an amended petition filling out the portion of the petition which sets forth a brief statement of the ground for relief and supporting facts thereto.   The court stresses the impropriety of filing a blank petition along with attachments.   This type of filing requires the court to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he provides sufficient facts to support them.   Such information can be provided in a brief manner by completing the form petition.   Moreover, it is not the duty of federal courts to try to determine what might constitute a claim for relief or which claims petitioner might intend to bring before the court.   Such duty is upon the individual who asserts a denial of his constitutional rights.   The court will not read through several pages in order to determine what claims Petitioner might wish to bring.   The form petition is provided to Petitioner to make the listing of claims easy and enable the court to make a determination that the claim and supporting facts allege a proper denial of a constitutional right.   The court cannot proceed with the case until such claims are made clear. Thus, Petitioner must come forth with a statement of sufficient clarity and a brief statement of supporting facts to enable a court to understand his argument and to render a decision on the matter.

B.    Jurisdiction

It is not entirely clear from reviewing the petition and exhibits attached whether this Court has jurisdiction to review the instant petition.

Although Petitioner has filed in the proper district court to challenge the execution of his

sentence, under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court where Petitioner was not sentenced in this district.  See 28 U.S.C. § 2241(d); Local Rule 81-191(g).

If Petitioner was convicted in the San Diego Superior Court, the United States District Court for the Southern District of California has jurisdiction to hear the claim.  However, if Petitioner was convicted in the Kings County Superior Court and he is challenging his underlying conviction, this Court does have authority to review the petition.  Petitioner must amend the petition to specify in which Court he was convicted and sentenced.

C.    Challenges to Conditions of Confinement

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

It appears that Petitioner may be attempting to challenge the fact that prison officials have prevented him from pursuing his appellate review in the state court system.  Thus, it appears that Petitioner may be challenging the conditions of his confinement, not the fact or duration of that confinement.  If this is the case, Petitioner must pursue those claims by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Accordingly, it is HEREBY ORDERED that:

3

1    1.    Petitioner is GRANTED thirty (30) days from the date of service of this Order to

2        SUBMIT an AMENDED PETITION that clearly lists each ground for relief

3        petitioner intends to raise in this Court along with a brief statement of supporting

4        facts.  The amended petition should be clearly and boldly titled "AMENDED

5        PETITION," contain the appropriate case number, and be an original signed under

6        penalty of perjury.  Petitioner should also note that every pleading to which an

7        amendment or supplement is permitted must be retyped and filed so that it is

8        complete in itself without reference to the prior or superseded pleading.  Local

9        Rule 15-220.

10    2.    The Clerk of Court is DIRECTED to send petitioner a blank form petition for

11        petitioners filing pursuant to 28 U.S.C. § 2254.

12        Petitioner is forewarned that his failure to comply with this order may result in a

13    Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

15        IT IS SO ORDERED.

16    **Dated:    February 6, 2006**            _____/s/ **Dennis L. Beck**_____
    3b142a                    UNITED STATES MAGISTRATE JUDGE

4