# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN, | CV F   05-1621 AWI DLB HC |
| Petitioner, | |
| | ORDER OF TRANSFER |
| v. | |
| JEANNE WOODFORD, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 21, 2005. Pursuant to this Court's order of February 7, 2006, Petitioner filed an amended petition on March 3, 2006.

After reviewing the original and amended petition, it is clear that Petitioner is challenging a conviction arising out of the San Diego County Superior Court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

1	In this case, Petitioner is challenging the validity of his conviction and sentence. The
2	proper venue for challenging the validity of his sentence is the district court containing the
3	sentencing court, while the proper venue to challenge the execution of his sentence is the district
4	court containing the prison in which Petitioner is incarcerated.[1]

5	Although Petitioner has filed in the proper district court to challenge the execution of his
6	sentence, this petition should be heard by the district court containing the sentencing court.
7	Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the
8	sentencing court where Petitioner was not sentenced in this district. See 28 U.S.C. § 2241(d);
9	Local Rule 81-191(g). Additionally, the resolution of Petitioner's claims involving the
10	sentencing court may render his remaining claims moot.

11	Petitioner is challenging a conviction from San Diego County, which is in the Southern
12	District of California. Therefore, the petition should have been filed in the United States District
13	Court for the Southern District of California. In the interest of justice, a federal court may
14	transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes
15	v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

16	Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
17	States District Court for the Southern District of California.

19	IT IS SO ORDERED.

20	**Dated:   March 10, 2006**                              **/s/ Dennis L. Beck**
	3b142a                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Petitioner is also attempting to raise claims challenging the conditions of his confinement. Although these claims can be properly raised in this Court as Petitioner is currently incarcerated in this jurisdiction, as stated in the Court's February 7, 2006, order, any claims challenging the conditions of his confinement must be raised by filing an action pursuant to 42 U.S.C. § 1983.